# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKI T. OYA, SOUCHI OYA,<br><br>                           Plaintiffs,<br>v.<br>WELLS FARGO BANK, N.A, et al.,<br>                           Defendants. | Case No.: 3:18-cv-01999-H-BGS<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

On August 27, 2018, Plaintiffs Aki T. Oya and Souichi Oya filed a complaint against Defendants Wells Fargo Bank N.A., Select Portfolio Servicing, Inc., Magnum Property Investments, LLC, and Strategic Acquisitions, Inc. (collectively, "Defendants"). (Doc. No. 1.) On September 6, 2018, Defendant Magnum Property Investments, LLC ("Magnum") and Strategic Acquisitions, Inc. ("Strategic") filed a motion to dismiss Plaintiffs' complaint. (Doc. No. 10-1.) On September 19, 2018, Defendants Select Portfolio Servicing, Inc. ("Select") and Wells Fargo Bank N.A. ("Wells Fargo") filed a motion to dismiss Plaintiffs' complaint. (Doc. No. 12.) Plaintiffs did not file a response to either motion. The Court submitted the motions on the parties' papers. (Doc. Nos. 14–15.) For the reasons below, the Court grants both motions to dismiss with leave to amend.

## Background

The following facts are taken from the allegations in Plaintiffs' complaint. (Doc. No. 1.) Plaintiffs allege that Defendants wrongfully foreclosed on their home and then subjected Plaintiffs to unlawful collections and credit reporting. (Id. ¶ 1.) Before the foreclosure, Plaintiffs purchased their residence in Encinitas, California on November 2, 2001. (Id. ¶ 33.) On January 31, 2007, Plaintiffs encumbered their residence with a non-recourse loan and first deed of trust. (Id. ¶ 34.) The loan and deed of trust were transferred to Wells Fargo. (Id. ¶ 35.) Plaintiffs defaulted on the loan and a foreclosure date was set for June 18, 2018. (Id. ¶ 36.)

On June 15, 2018, Plaintiff Aki T. Oya filed for bankruptcy protection. (Id. ¶ 36.) Plaintiffs allege that Wells Fargo and Select had notice of Plaintiffs' bankruptcy case. (Id. ¶ 44.) In addition, Plaintiffs allege that it was the custom and practice of Magnum and Strategic to confirm any bankruptcy stays before any foreclosure sales, and that Magnum and Strategic confirmed that Plaintiffs' residence was subject to a bankruptcy case that prohibited a foreclosure sale. (Id. ¶¶ 52–53.) Wells Fargo and Select held the foreclosure sale on June 18, 2018. (Id. ¶ 47.) Magnum was the highest bidder for the property and purchased it, through Strategic, for $931,300. (Id. ¶ 49.) According to Plaintiffs, on June 19, 2018, Select represented to Plaintiffs that the foreclosure sale was postponed. (Id. ¶ 43.) In addition Plaintiffs allege that, on June 21, 2018, they received an email explaining that the sale of the property was rescinded and the funds were returned to the purchaser. (Id. ¶ 61.) On June 26, 2018, Magnum and Strategic filed a motion to retroactively annul the stay with the bankruptcy court. (Id. ¶ 64.) On August 15, 2018, the bankruptcy court granted the motion and validated the foreclosure sale. (Id. ¶ 70.)

Also on August 15, 2018, Wells Fargo and Select sent Plaintiffs billing statements for past due mortgage statements. (Id. ¶ 86.) Plaintiffs allege that after the foreclosure sale on June 18, 2018, Wells Fargo and Select falsely reported to credit reporting agencies that Plaintiffs had $763,986 of outstanding debt and $96,740 past due. (Id. ¶¶ 83–84.)

/ / /

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

///

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. First Claim: Violation of 11 U.S.C. § 362 and 11 U.S.C. § 1301

Plaintiffs allege that Defendants violated the automatic stay provisions of 11 U.S.C. § 362 and 11 U.S.C. § 1301 that were triggered when Plaintiff Aki T. Oya filed for bankruptcy protection. (Doc. No. 1 ¶¶ 112–30.) Magnum and Strategic argue that the case should be dismissed pursuant to General Order 312-E because the case arises under Title 11. (Doc. No. 10-1 at 8–10.) They also contend that they cannot be liable for violating the stay given that the stay has been annulled by the bankruptcy court. (Id. at 10.) Finally, Magnum and Strategic argue that they cannot be held liable for the foreclosure sale that took place after the bankruptcy filing because they did not conduct the sale. (Id. at 10–12.) Wells Fargo and Select argue that the case should be dismissed because the bankruptcy court determined that there was no violation of the automatic stay. (Doc. No. 12-1 at 5.) They also contend that bankruptcy court order renders Plaintiffs' claim moot. (Id. at 5–6.) Finally, they argue that Plaintiffs cannot demonstrate that they were harmed by the foreclosure sale. (Id. at 6.)

The Court agrees with Defendants. "Pursuant to 11 U.S.C. § 362, a petition in bankruptcy operates as a stay against acts that may affect property of the bankruptcy estate." In re Nat'l Envtl. Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997). Automatic stays serve "to protect debtors from all collection efforts while they attempt to regain their financial footing." In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992). Actions violating an automatic stay are void. Id. at 571–72; In re Nat'l Envtl. Waste Corp., 129 F.3d at 1054.

"However, section 362(d) 'gives the bankruptcy court wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay.'" In re Nat'l Envtl. Waste Corp., 129 F.3d at 1054 (quoting In re Schwartz, 954 F.2d at 572).

Here, on June 15, 2018, Plaintiff Aki T. Oya filed for bankruptcy (Doc. No. 1 ¶ 36), triggering an automatic stay with respect to Plaintiff Aki T. Oya pursuant to 11 U.S.C. § 362. In addition, Plaintiff Souichi Oya was protected as a co-debtor pursuant to 11 U.S.C. § 1301 (the codebtor stay).[1] On June 18, 2018, Wells Fargo and Select Portfolio held the foreclosure sale and sold the property to Magnum, through Strategic. (Id. ¶¶ 47, 49.) Magnum and Strategic filed a motion to retroactively annul the stay. (Id. ¶ 64.) The bankruptcy court granted the motion and validated the foreclosure sale.[2] (Id. ¶ 70.) Given that the bankruptcy court has the power to grant retroactive relief from a stay, and the bankruptcy court granted retroactive relief by validating the foreclosure sale in this case, Plaintiffs' argument that Defendants violated 11 U.S.C. § 362 and 11 U.S.C. § 1301 by holding the foreclosure sale is without merit.

Plaintiffs also argue that although the bankruptcy court's order provides retroactive relief from the stay as to Magnum and Strategic, it does not as to Wells Fargo or Select. (Doc. No. 1 ¶ 77.) However, the bankruptcy court's order annulled the stay and validated the foreclosure sale. (Doc. No. 1-2 at 25.) In addition, the bankruptcy court noted that "the foreclosure sale was properly conducted" and that "based on the totality of circumstances, [Plaintiffs'] filing was in bad faith as part of a scheme to hinder and delay the foreclosure sale." (Id.) Under these circumstances, Plaintiffs' argument that Wells Fargo or Select violated 11 U.S.C. § 362 and 11 U.S.C. § 1301 by holding the foreclosure because they were not specifically provided with retroactive relief is without merit. Accordingly, the Court grants Defendants' motion to dismiss and grants leave to amend.

---

[1] The codebtor stay provides that "a creditor may not act . . . to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor. . . ." 11 U.S.C. § 1301.
[2] The Court takes judicial notice of the bankruptcy court's "Order on Motion for Relief/Annulment of Automatic Stay" filed by Plaintiff as its authenticity is not subject to reasonable dispute. (Doc. No. 1-2 at 25.) See Fed. R. Evid. 201(b)(2).

**B. Second Claim: Violation of Cal. Civ. Code §§ 1785.3 et. seq.**

Plaintiffs allege that Wells Fargo and Select violated Cal. Civ. Code § 1785.25(a), which provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." (Doc. No. 1 ¶ 132.) Plaintiffs argue that based on this violation, they are entitled to damages pursuant to Cal. Civ. Code § 1785.31(a)(2).[3] Wells Fargo and Select argue that Plaintiffs' claim is preempted by the Fair Credit Reporting Act ("FRCA"), that Plaintiffs merely provide conclusory allegations, and that Plaintiffs provides no facts demonstrating that they suffered harm. (Doc. No. 12-1 at 6–8.)

Contrary to Wells Fargo's and Select's contentions, Plaintiffs' cause of action under Cal. Civ. Code § 1785.31(a)(2) is not preempted by the FRCA. As Defendants correctly note, Cal. Civ. Code § 1785.25(a) is saved from preemption by the FRCA. See 15 U.S.C. § 1681t (b)(1)(F); <u>Gorman v. Wolpoff & Abramson, LLP</u>, 584 F.3d 1147, 1169 (9th Cir. 2009). However, Wells Fargo and Select incorrectly argue that, because Cal. Civ. Code

---

[3] Cal. Civ. Code § 1785.31 provides in relevant part:

> (a) Any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following:
>
> > (1) In the case of a negligent violation, actual damages, including court costs, loss of wages, attorney's fees and, when applicable, pain and suffering.
> >
> > (2) In the case of a willful violation:
> >
> > > (A) Actual damages as set forth in paragraph (1) above:
> > >
> > > (B) Punitive damages of not less than one hundred dollars ($100) nor more than five thousand dollars ($5,000) for each violation as the court deems proper;
> > >
> > > (C) Any other relief that the court deems proper.
>
> . . . .

§ 1785.31(a)(2) was not specifically saved from preemption in the FRCA, Plaintiffs have no private right of action to enforce Cal. Civ. Code § 1785.25(a). Ninth Circuit precedent demonstrates otherwise. In Gorman, the Ninth Circuit held that "the private right of action to enforce California Civil Code section 1785.25(a) is not preempted by the FCRA." 584 F.3d at 1173. Thus, Plaintiffs may bring a cause of action pursuant to Cal. Civ. Code § 1785.31(a)(2) for violation of Cal. Civ. Code § 1785.25(a).

However, Plaintiffs have not provided sufficient factual support to make a claim for violation of Cal. Civ. Code § 1785.25(a). Plaintiffs allege that Wells Fargo and Select held the foreclosure sale on June 18, 2018. (Id. ¶ 47.) Plaintiffs allege further that after the foreclosure sale, on July 10, 2018, Wells Fargo and Select falsely reported to credit reporting agencies six times that Plaintiffs had $763,986 of outstanding debt and $96,740 past due. (Id. ¶¶ 83–84, 134–36.) The gist of Plaintiff's argument is that because the foreclosure sale was complete, Plaintiffs owed no balance and were not past due on payments. (Id. ¶ 134.) As a result, their argument continues, Wells Fargo's and Select's alleged reports to credit agencies of Plaintiffs' outstanding debt and past due payments were in willful violation of Cal. Civ. Code § 1785.25(a) because Wells Fargo and Select knew that the reports to the credit agencies were false.

However, Plaintiffs also allege that after the property was sold, they received an email explaining that the sale of the property was rescinded and the funds returned to the purchaser. (Id. ¶ 61.) Plaintiffs allege further that, on June 26, 2018, Magnum and Strategic filed a motion to retroactively annul the stay, demonstrating that the foreclosure sale was not complete on June 18, 2018. (Id. ¶ 64.) Not until August 15, 2018, after the alleged violation of Cal. Civ. Code § 1785.25(a), did the bankruptcy court grant the motion validating the foreclosure sale. (Id. ¶ 70.) On the one hand, Plaintiffs allege that the foreclosure sale established that they had no outstanding debt or past due payments. On the other hand, they allege that the foreclosure sale was rescinded and not validated by the bankruptcy court until after the alleged July 10, 2018 reports to credits agencies. Reviewing the complaint, Plaintiffs have not alleged that Wells Fargo and Select knew that

the foreclosure sale resolved Plaintiffs' debts. Thus, Plaintiffs have failed to allege that Wells Fargo and Select knowingly furnished inaccurate information to any consumer credit reporting agency. As a result, the Court dismisses Plaintiffs' claim for violation of Cal. Civ. Code § 1785.25(a) with leave to amend.

### C. Third and Fourth Claims: Violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A)

Plaintiffs allege that Wells Fargo and Select violated the Fair Debt Collection Practices Act ("FDCPA") by sending a billing statement to Plaintiffs on August 15, 2018, the day that the bankruptcy court retroactively validated the foreclosure sale. (Doc. No. 1 ¶¶ 141–151.) Wells Fargo and Select argue that they cannot be held liable under 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A) of the FDCPA because they are not "debt collectors" within the meaning of the statute. (Doc. No. 12-1 at 8, 10.) Wells Fargo and Select also argue that actions taken in connection with a nonjudicial foreclosure do not constitute debt collection within the meaning of the statute. (Id.)

The Court agrees with Defendants. To be liable for a violation of the FDCPA, a defendant must be a "debt collector" within the meaning of the statute. See 15 U.S.C. §§ 1692f(1), 1692e(2)(A), 1692a(6). Pursuant to 15 U.S.C. § 1692a(6), a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The term "debt collector" under the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Monreal v. GMAC Mortg., LLC, 948 F. Supp. 2d 1069, 1085 (S.D. Cal. 2013) (internal quotations, citation, and italics omitted); see also Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009) (noting that "a 'creditor' is not a 'debt collector' under the FDCPA"); Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a

mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

Plaintiffs allege that Wells Fargo and Select are both "debt collectors." (Doc. No. 1 ¶¶ 16, 22.) Plaintiffs do not allege facts in support of these conclusory allegations. In addition, Plaintiffs do not allege any facts to show the loan was in default when it was assigned to Wells Fargo. Moreover, Plaintiffs also allege that Wells Fargo is a creditor as defined by the bankruptcy statute, 11 U.S.C. § 101(10), and that Select is a mortgage servicer. (Doc. No. 1 ¶¶ 12, 19.) As previously noted, the FDCPA's definition of debt collector "does not include the consumer's creditors [or] a mortgage servicing company. . . ." Monreal, 948 F. Supp. 2d at 1085 (internal quotations and citation omitted). As such, Plaintiffs have failed to allege sufficiently that Wells Fargo and Select are "debt collectors" within the meaning of the FDCPA. Accordingly, Plaintiffs' claim that Wells Fargo and Select violated 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A) is dismissed with leave to amend.

### D. Fifth and Sixth Claims: Violation of Cal. Civ. Code § 1788.17

Plaintiffs bring two claims against Wells Fargo and Select for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.17. (Doc. No. 1 ¶¶ 152–69.) Plaintiffs base their Rosenthal Act claims on their previous claims that Wells Fargo and Select violated the FDCPA. (Id.) Wells Fargo and Select argue that Plaintiffs' Rosenthal Act claims fail because those claims are based on their FDCPA claims, which in turn fail because Wells Fargo and Select are not debt collectors within the meaning of the FDCPA.

The Court agrees with Wells Fargo and Select. "The [Rosenthal Act] requires all debt collectors attempting to collect a consumer debt to comply with the [FDCPA], 15 U.S.C. §§ 1692b through 1692j." Langan v. United Servs. Auto. Assoc., 69 F. Supp. 3d 965, 981 (N.D. Cal. 2014) (citing Cal. Civ. Code § 1788.17). "[A] plaintiff may state a claim for violation of the Rosenthal Act simply by showing that a defendant violated any of several provisions of the FDCPA." Id. Plaintiffs have offered no other theories of

liability that would be valid under the Rosenthal Act but not the FDCPA. As such, Plaintiffs' Rosenthal Act claims against Wells Fargo and Select rise and fall with their FDCPA claims. Given that Plaintiffs have failed to allege their claims under the FDCPA, their Rosenthal Act claims fail as well. The Court dismisses Plaintiffs' claims under Cal. Civ. Code § 1788.17 with leave to amend.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The Court will permit Plaintiffs to file an amended complaint that addresses the deficiencies identified in this order. However, Plaintiffs should note that the Court will only grant future opportunities to amend if Plaintiffs could "possibly cure the deficiency." See Telesaurus, 623 F.3d at 1003. The Court orders Plaintiffs to file an amended complaint on or before **December 3, 2018**.

**IT IS SO ORDERED.**

DATED: November 2, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT