# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKI T. OYA, SOUCHI OYA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A, et al.,<br><br>Defendants. | Case No.: 3:18-cv-01999-H-BGS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND** |

On December 13, 2018, Defendants Select Portfolio Servicing, Inc. ("Select") and Wells Fargo Bank N.A. ("Wells Fargo") (collectively, "Defendants") filed a motion to dismiss Plaintiff Aki T. Oya's and Plaintiff Souchi Oya's (collectively, "Plaintiffs") first amended complaint. (Doc. No. 26.) On December 31, 2018, Plaintiffs filed a response. (Doc. No. 27.) On January 7, 2019, Defendants filed a reply. (Doc. No. 28.) For the reasons below, the Court grants the motion to dismiss.

## Background

The following facts are taken from the allegations in Plaintiffs' first amended complaint. (Doc. No. 23.) Plaintiffs allege that Defendants wrongfully foreclosed on their

1

home and then subjected Plaintiffs to unlawful collections and credit reporting. (Id. ¶ 1.) Before the foreclosure, Plaintiffs purchased their residence in Encinitas, California on November 2, 2001. (Id. ¶ 23.) On January 31, 2007, Plaintiffs encumbered their residence with a non-recourse loan and first deed of trust. (Id. ¶ 25.) The loan and deed of trust were transferred to Wells Fargo. (Id. ¶ 26.) Plaintiffs defaulted on the loan and a foreclosure date was set for June 18, 2018. (Id. ¶ 27.)

On June 15, 2018, Plaintiff Aki T. Oya filed for bankruptcy protection. (Id. ¶ 28.) Plaintiffs allege that Defendants had notice of Plaintiffs' bankruptcy case. (Id. ¶ 35.) Defendants held the foreclosure sale on June 18, 2018. (Id. ¶ 38.) According to Plaintiffs, on June 19, 2018, Defendants represented to Plaintiffs that the foreclosure sale was postponed. (Id. ¶ 34.) In addition Plaintiffs allege that, on June 21, 2018, they received an email explaining that the sale of the property was rescinded and the funds were returned to the purchaser. (Id. ¶ 46.)

On June 26, 2018, the purchaser filed a motion to retroactively annul the stay with the bankruptcy court. (Id. ¶ 49.) On August 15, 2018, the bankruptcy court granted the motion and validated the foreclosure sale. (Id. ¶ 55.) On October 26, 2018, the bankruptcy court granted a motion for reconsideration of its prior order retroactively validating the foreclosure sale and explained that "legitimating the entire foreclosure sale would be manifestly unjust." (Id. ¶¶ 65, 66.) From August 15, 2018 to October 26, 2018, the period during which the foreclosure sale was validated, Defendants sent Plaintiffs billing statements for past due mortgage statements. (Id. ¶ 75.)

## Discussion

**I. Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule

8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

///

## II. Analysis

### A. Second and Third Claims: Violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A)

Plaintiffs allege that Select violated the Fair Debt Collection Practices Act ("FDCPA") by sending billing statements to Plaintiffs between August 15, 2018, and October 26, 2018, the period between which the bankruptcy court retroactively validated the foreclosure sale and subsequently invalidated it. (Doc. No. 23 ¶¶ 125–51.) Specifically, Plaintiffs allege that Select violated 15 U.S.C. § 1692f(1)[1] and 15 U.S.C. § 1692e(2)(A).[2] Defendants argue that because the bankruptcy court invalidated the foreclosure sale, Plaintiffs' claims that Defendant violated the FDCPA prior to the bankruptcy court order are rendered moot. (Doc. No. 26 at 13–14.) Defendants also argue that Select cannot be held liable under 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A) of the FDCPA because it is not a "debt collector" and the FDCPA does not apply to activities undertaken in connection with a nonjudicial foreclosure. (Id. at 14–15.) Finally,

---

[1] 15 U.S.C. § 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

[2] 15 U.S.C. § 1692e(2)(A) provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> > (2) The false representation of--
> >
> > > (A) the character, amount, or legal status of any debt. . . .

Defendants argue that Plaintiffs have not alleged unfair or unconscionable conduct as required under 15 U.S.C. § 1692f(1) and Plaintiffs have not provided facts alleging false representations under 15 U.S.C. § 1692e(2)(A). (Id. at 15–17.) The Court agrees with Defendants.

Preliminarily, the Court concludes that Plaintiffs' claims under the FDCPA are not rendered moot by the bankruptcy court's invalidation of the foreclosure sale. If Defendants did violate the FDCPA, any subsequent compliance after the bankruptcy court invalidated the sale would not insulate them from liability for past violations. See 15 U.S.C. § 1692k (providing civil liability for failure to comply with any provision of the FDCPA).

However, Plaintiffs have not sufficiently alleged that Select is a "debt collector" as defined by the FDCPA. To be liable for a violation of the FDCPA, a defendant must be a "debt collector" within the meaning of the statute. See 15 U.S.C. §§ 1692f(1), 1692e(2)(A), 1692a(6). Pursuant to 15 U.S.C. § 1692a(6), a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The term "debt collector" under the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned." Monreal v. GMAC Mortg., LLC, 948 F. Supp. 2d 1069, 1085 (S.D. Cal. 2013) (internal quotations, citation, and italics omitted); see also Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

Plaintiffs allege that Select is a mortgage servicer. (Doc. No. 23 at 18.) A mortgage servicer does not qualify as a debt collector, unless the debt at issue was at default when it was assigned. Monreal, 948 F. Supp. 2d at 1085. "Although the Act does not define 'in default,' courts interpreting § 1692a(6)(F)(iii) look to any underlying contracts and

applicable law governing the debt at issue." De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1074 (9th Cir. 2011). Plaintiffs provide no factual allegations supporting the legal conclusion that the loan was in default when it was assigned. For example, they do not provide the date the loan went into default, whether a notice of default was sent to them, or the date that the loan was assigned to Defendants. They simply allege, "on information and belief" that the loan was in default when it was assigned. (Doc. No. 23 ¶ 18.) Accordingly, Plaintiffs have not adequately pled facts to support their conclusion that the loan was in default before it was assigned to Defendants. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). As a result, Plaintiffs have failed to allege sufficiently that Select is a "debt collector" within the meaning of the FDCPA. The Court dismisses Plaintiffs' claim that Select violated 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A) and grants leave to amend.

**B. Fourth and Fifth Claims: Violation of Cal. Civ. Code § 1788.17**

Plaintiffs bring two claims against Defendants for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.17. (Doc. No. 23 ¶¶ 152–71.) Plaintiffs base their Rosenthal Act claims on their previous claims that Select violated the FDCPA. (Id.) Defendants argue that Plaintiffs' Rosenthal Act claims fail because those claims are based on their FDCPA claims, which in turn fail because Plaintiffs did not sufficiently allege that Wells Fargo and Select debt collectors within the meaning of the FDCPA. (Doc. No. 26 at 17–18.)

The Court agrees with Defendants. "The [Rosenthal Act] requires all debt collectors attempting to collect a consumer debt to comply with the [FDCPA], 15 U.S.C. §§ 1692b through 1692j." Langan v. United Servs. Auto. Assoc., 69 F. Supp. 3d 965, 981 (N.D. Cal. 2014) (citing Cal. Civ. Code § 1788.17). "[A] plaintiff may state a claim for violation of the Rosenthal Act simply by showing that a defendant violated any of several provisions of the FDCPA." Id. Plaintiffs have offered no other theories of liability that would be valid under the Rosenthal Act but not the FDCPA. As such,

Plaintiffs' Rosenthal Act claims against Wells Fargo and Select rise and fall with their FDCPA claims. Given that Plaintiffs have failed to allege their claims under the FDCPA against Select and given that Plaintiffs only brought those claims against Select, their Rosenthal Act claims against both Defendants fail as well. The Court dismisses Plaintiffs' claims under Cal. Civ. Code § 1788.17 with leave to amend.

## Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss. The Court will permit Plaintiffs to file an amended complaint that addresses the deficiencies identified in this order. The Court orders Plaintiffs to file an amended complaint on or before **February 8, 2019**.

**IT IS SO ORDERED.**

DATED: January 9, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT