# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKI T. OYA and SOUCHI OYA,<br><br>                             Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A, et al.,<br><br>                             Defendants. | Case No.: 3:18-cv-01999-H-BGS<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(2) DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE** |

On May 21, 2019, Defendants Select Portfolio Servicing, Inc. ("Select") and Wells Fargo Bank N.A., as trustee for Structured Asset Mortgage Investments II Trust 2007-AR4, Mortgage Pass-Through Certificates, Series 2007-AR4, ("Wells Fargo") (collectively, "Defendants") filed a motion to dismiss Plaintiff Aki T. Oya's and Plaintiff Souchi Oya's (collectively, "Plaintiffs") third amended complaint and a motion to strike portions of the complaint. (Doc. Nos. 45, 46.) On June 21, 2019, Plaintiffs filed their responses. (Doc. Nos. 50, 51.) On June 27, 2019, Defendants filed their replies. (Doc. No. 35.) On June 28, 2019, Plaintiffs filed an objection to the replies. (Doc. No. 55.) For the reasons below, the Court grants Defendants' motion to dismiss and denies as moot Defendants' motion to strike.

**Background**

The following facts are taken from the allegations in Plaintiffs' third amended complaint and attached exhibits. (Doc. No. 43.) Plaintiffs allege that Defendants wrongfully foreclosed on their home and then subjected Plaintiffs to unlawful collections and credit reporting. (Id. ¶ 1.) Before the foreclosure, Plaintiffs purchased their residence in Encinitas, California on November 2, 2001. (Id. ¶ 27.) On January 31, 2007, Plaintiffs encumbered their residence with a non-recourse loan and first deed of trust. (Id. ¶ 28.) Plaintiffs allege that, between January 31, 2007 and May 28, 2013, the loan went into default with over $90,000 in arrearages. (See id. ¶¶ 17, 23.) The loan and deed of trust were transferred to Wells Fargo, and Select was assigned its servicing, on or about May 28, 2013. (Id. ¶¶ 16, 17, 29.) Plaintiffs attach a loan modification agreement that went into effect September 1, 2013. (Id. at 53–56.) The loan agreement establishes a new principal balance of $691,404.77. (Id.)

After defaulting, Plaintiffs filed bankruptcy petitions on six separate occasions. (See id. at 85.) Plaintiffs filed these bankruptcy petitions after the September 1, 2013 loan modification agreement went into effect. (See Bankruptcy Petition Nos. 16-05492-CL13, 17-06297-MM13, 17-00783-CL13, 17-03553-MM13, 18-02170-CL13, 18-03598-CL13; Doc. Nos. 43 at 85; 45-3 at 76–112.[1]) With respect to the first petition, the case was filed on September 6, 2016 and the case was dismissed and all automatic stays were vacated January 20, 2017. (See Bankruptcy Petition No. 16-05492-CL13; Doc. No. 45-3 at 80.) The second case was filed on October 18, 2017 and dismissed on November 7, 2017. (See Bankruptcy Petition No. 17-06297-MM13; Doc. No. 43 at 85.) The third case was filed on February 15, 2017 and was dismissed on March 6, 2017 for failure to file required schedules, statements, a Chapter 13 plan, certificate of credit counseling, and a statement of current monthly income. (See Bankruptcy Petition No. 17-00783-CL13; Doc. No. 45-3

---

[1] The Court takes judicial notice of the bankruptcy court dockets filed by Defendants as their authenticity is not subject to reasonable dispute. (Doc. No. 45-3 at 76–112.) See Fed. R. Evid. 201(b)(2).

at 86.) The fourth case was filed on June 17, 2017 and dismissed on June 26, 2017. (See Bankruptcy Petition No. 17-03553-MM13; Doc. No. 43 at 85.) The fifth case was filed on April 12, 2018 and was dismissed on May 2, 2018 for failure to file schedules, statements, and a Chapter 13 plan. (See Bankruptcy Petition No. 18-02170-CL13; Doc. No. 45-3 at 92.)

With respect to their most recent petition, Plaintiff Aki T. Oya filed for bankruptcy protection on June 15, 2018, three days before the scheduled foreclosure date. (Doc. No. 43 ¶¶ 30–31.) Throughout the process of filing this petition, Plaintiffs did not provide documentation required by the bankruptcy court. (See id. at 85.) The bankruptcy court dismissed the case because Plaintiff Aki T. Oya did not file schedules, a statement of financial affairs, or a plan. (See id.)

Defendants held the foreclosure sale on June 18, 2018 and sold the property for $915,300. (Id. ¶¶ 41, 43.) Plaintiffs allege that the sale dispossessed them of over $450,000 in equity. (Id. ¶ 84.) According to Plaintiffs, Defendants had notice of Plaintiffs' bankruptcy case. (Id. ¶ 38.) Plaintiff further allege that, on June 19, 2018, Defendants represented to Plaintiffs that the foreclosure sale was postponed. (Id. ¶ 37.) In addition, Plaintiffs allege that, on June 21, 2018, they received an email from First American Trustee Servicing Solutions explaining that the sale of the property was rescinded and the funds were returned to the purchaser. (Id. ¶ 49.)

On June 26, 2018, the purchaser filed a motion to retroactively annul the stay with the bankruptcy court. (Id. ¶ 52.) On August 15, 2018, the bankruptcy court granted the motion and validated the foreclosure sale. (Id. ¶ 58.) On October 26, 2018, the bankruptcy court granted a motion for reconsideration of its prior order retroactively validating the foreclosure sale. (Id. ¶ 70.)

While the third-party purchaser and Plaintiffs litigated the validity of the foreclosure sale, from August 15, 2018 to October 26, 2018, the period during which the foreclosure sale was validated, Defendants sent Plaintiffs billing statements for past due mortgage statements. (Id. ¶ 79.) Select sent a letter on September 28, 2018, noting that a foreclosure

sale was set for November 14, 2018. (Id. ¶ 145; at 116.) Additionally, on October 1, 2018, a notice of trustee sale was recorded setting a sale date of November 18, 2018. (Id. ¶ 147.) On April 17, 2019, the bankruptcy court granted Defendants' motion for stay relief.[2] (Doc. No. 45-5.)

## Discussion

### I. Legal Standards

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume

---

[2] The Court takes judicial notice of the bankruptcy court's "Order on Motion for Relief/Annulment of Automatic Stay" filed by Plaintiff as its authenticity is not subject to reasonable dispute. (Doc. No. 45-5.) See Fed. R. Evid. 201(b)(2).

that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. First Claim: Violation of 11 U.S.C. § 362 and 11 U.S.C. § 1301

Plaintiffs allege that Defendants knowingly violated 11 U.S.C. § 362 and 11 U.S.C. § 1301. (Doc. No. 43 ¶¶ 103–27.) Defendants argue that Plaintiffs' 11 U.S.C. § 362 and 11 U.S.C. § 1301 claims fail because the bankruptcy court granted Defendants relief from the automatic stay. (Doc. No. 45-1 at 13–4.) Plaintiffs argue that the bankruptcy court's ruling does not apply to 11 U.S.C. § 362 and 11 U.S.C. § 1301 violations. (Doc. No. 50 at 19–23.)

The Court agrees with Defendants. "Pursuant to 11 U.S.C. § 362, a petition in bankruptcy operates as a stay against acts that may affect property of the bankruptcy estate." In re Nat'l Envtl. Waste Corp., 129 F.3d 1052, 1054 (9th Cir. 1997). Automatic stays serve "to protect debtors from all collection efforts while they attempt to regain their financial footing." In re Schwartz, 954 F.2d 569, 571 (9th Cir. 1992). Actions violating an automatic stay are void. Id. at 571–72; In re Nat'l Envtl. Waste Corp., 129 F.3d at 1054. "However, section 362(d) 'gives the bankruptcy court wide latitude in crafting relief from

the automatic stay, including the power to grant retroactive relief from the stay.'" In re Nat'l Envtl. Waste Corp., 129 F.3d at 1054 (quoting In re Schwartz, 954 F.2d at 572). "If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay. . . ." In re Schwartz, 954 F.2d at 573.

Here, the bankruptcy court granted Defendants' motion for stay relief. (Doc. No. 45-5.) Given that the bankruptcy court has the power to grant retroactive relief from a stay, and the bankruptcy court granted such relief in this case, no stay violation occurred. See In re Schwartz, 954 F.2d 569, 573 (9th Cir. 1992) ("If a creditor obtains retroactive relief under section 362(d), there is no violation of the automatic stay. . . ."). Accordingly, Plaintiffs' argument that Defendants violated 11 U.S.C. § 362 and 11 U.S.C. § 1301 is without merit.

### B. Second and Fourth Claims: Violation of 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A)

Plaintiffs allege that Select violated the Fair Debt Collection Practices Act ("FDCPA") by sending billing statements to Plaintiffs between August 15, 2018, and October 26, 2018, the period between which the bankruptcy court retroactively validated the foreclosure sale and subsequently invalidated it. (Doc. No. 43 ¶¶ 128–42, 151–65.) Specifically, Plaintiffs allege that Select violated 15 U.S.C. §§ 1692f(1) [3] and 15 U.S.C. § 1692e(2)(A).[4] (Id.) Defendants argue that Plaintiffs have insufficiently alleged that Select

---

[3] 15 U.S.C. § 1692f(1) provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

[4] 15 U.S.C. § 1692e(2)(A) provides:

is a "debt collector" within the meaning of the FDCPA, and that Plaintiffs' claims under the FDCPA are without merit because the bankruptcy court invalidated the foreclosure sale. (Doc. No. 45-1 at 14–21.)  Defendants also argue that Plaintiffs have not alleged unfair or unconscionable conduct as required under 15 U.S.C. § 1692f(1), and Plaintiffs have not provided facts alleging false representations under 15 U.S.C. § 1692e(2)(A). (Id.)

The U.S. Supreme Court recently held that "but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]." Obduskey v. McCarthy & Holthus LLP, 139 S.Ct. 1029, 1038 (2019).  Here, Plaintiffs allege claims under 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A), arguing that the June foreclosure extinguished their debt and that no money was currently or past due at that time, but that Select allegedly continued to attempt to collect debt from Plaintiffs and falsely represented that Plaintiffs had a debt. (Doc. No. 43 ¶¶ 128–42, 151–65.)  Given that Plaintiffs allege that Defendant Select is a mortgage servicer and serviced Plaintiffs' account, (see, e.g., id. ¶ 21), its "principal purpose . . . is the enforcement of security interests," § 1692a(6).  The FDCPA regulates its activity only through § 1692f(6). See Obduskey, 139 S.Ct. at 1038 (describing the statutory language as a comprise under which "[t]he prohibitions contained in § 1692f(6) will cover security-interest enforcers, while the other 'debt collector' provisions of the Act will not.").  Accordingly, Plaintiffs' 15 U.S.C. § 1692f(1) and 15 U.S.C. § 1692e(2)(A) claims against Select are dismissed.

**C. Third Claim: Violation of 15 U.S.C. § 1692f(6)**

Plaintiffs claim that the June foreclosure removed Select's right to possession of the

---

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(2) The false representation of--

(A) the character, amount, or legal status of any debt. . . .

property, but that Select allegedly filed a notice of trustee sale and sent a letter indicating that another foreclosure sale was set to occur in violation of 15 U.S.C. § 1692f(6). (Doc. No. 43 ¶¶ 143–50.) Defendants contend that the communications do not amount to a violation, that Select was required to send monthly statement to Plaintiffs, and that Plaintiffs should be judicially estopped from making inconsistent arguments. (Doc. No. 45-1 at 14–21.)

The Court agrees with Defendants. In relevant part, 15 U.S.C. § 1692f(6) provides that a debt collector violates the section by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest [.]" 15 U.S.C. § 1692f(6); see also Obduskey, 139 S.Ct. at 1038 (describing the statutory language as a comprise under which "[t]he prohibitions contained in § 1692f(6) will cover security-interest enforcers[.]").

Here, Plaintiffs have not sufficiently alleged that Select did not have a "present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6). Plaintiffs allege that, after the June foreclosure sale, they received notice from First American Trustee Servicing Solutions that the sale of the property had been rescinded due to the bankruptcy filing and the funds were returned to the third-party purchaser. (Doc. No. 43 ¶ 49.) During this time, the third-party purchaser filed a motion for relief/annulment of the automatic stay with the bankruptcy court. (Id. ¶ 52.) On August 24, 2018, the bankruptcy court issued a final order validating the foreclosure sale. (Id. ¶ 63.) Plaintiffs filed a motion for reconsideration three days later, on August 27, 2018. (Id. ¶ 67.) On October 26, 2018, the bankruptcy court issued an order granting reconsideration of its prior order and held that the sale was not valid. (Id. ¶ 69.)

While Plaintiffs and the third-party purchaser litigated the validity of the sale, Plaintiffs allege that the mortgage servicer, Select, sent a letter on September 28, 2018, noting that a foreclosure sale was set for November 14, 2018. (Id. ¶ 145; at 116.) Additionally, Plaintiffs allege that on October 1, 2018, a notice of trustee sale was recorded

setting a sale date of November 18, 2018.  (Id. ¶ 147.)

Thus, according to Plaintiffs allegations, Defendants rescinded the foreclosure sale, returned the funds to the third-party purchaser, and then rescheduled a foreclosure sale during the time that Plaintiff and the third-party litigated their rights to the property between one another.  Indeed, as Plaintiffs note, the foreclosure sale was subsequently invalidated.  Under these circumstances, based on Plaintiffs' allegations and attached exhibits, the Court concludes that Plaintiffs have not sufficiently alleged a 15 U.S.C. § 1692f(6) violation.

### D. Fifth and Sixth Claims: Violation of Cal. Civ. Code § 1788.17

Plaintiffs bring two claims against Defendants for violation of the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788.17.  (Doc. No. 43 ¶¶ 166–88.)  Plaintiffs base their Rosenthal Act claims on their previous claims that Select violated the FDCPA.  (Id.)  Defendants argue that Plaintiffs' Rosenthal Act claims fail because those claims are based on their FDCPA claims.  (Doc. No. 45-1 at 17–18.)  Plaintiffs argue that even if Defendants are not "debt collectors" under the FDCPA, the Rosenthal Act provides a broader definition of "debt collector," under which Defendants fall and may be held liable for Rosenthal Act violations.  (Doc. No. 50 at 37–39.)  Plaintiffs also argue that they alleged that Select is an agent of Well Fargo can thus Wells Fargo can be held vicariously liable for Selects actions.  (Id.)

The Court agrees with Defendants.  "The [Rosenthal Act] requires all debt collectors attempting to collect a consumer debt to comply with the [FDCPA], 15 U.S.C. §§ 1692b through 1692j."  Langan v. United Servs. Auto. Assoc., 69 F. Supp. 3d 965, 981 (N.D. Cal. 2014) (citing Cal. Civ. Code § 1788.17).  "[A] plaintiff may state a claim for violation of the Rosenthal Act simply by showing that a defendant violated any of several provisions of the FDCPA."  Id.  Plaintiff concedes that that its Cal. Civ. Code § 1788.17 claims are premised on its FDCPA claims.  (Doc. No. 50 at 37.)  Given that the Court dismiss Plaintiffs' FDCPA claims against Select, the Court likewise dismiss Plaintiffs' Rosenthal Act claims against Defendants, which are premised on the FDCPA claims.

### E. California Business and Professional Code § 17200

Plaintiffs bring claims for violation of California Business and Professional Code § 17200. (See Doc. No. 43 ¶¶ 203–206.) Defendants argue that Plaintiffs have not alleged unlawful conduct or unfair conduct. (Doc. No. 45-1 at 22–25.)

California Business and Professional Code § 17200 ("UCL") prohibits unfair competition, including "any unlawful, unfair or fraudulent business act." The "unlawful" prong of the UCL borrows violations of other laws and makes them separately actionable. See Klein v. Chevron U.S.A., Inc., 202 Cal. App. 4th 1342, 1383 (2012). Virtually any statute, law, or regulation can serve as a predicate for a UCL unlawful-practice violation. See id. "An unfair business practice is one that either 'offends an established public policy' or is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (citations omitted).

Here, as discussed above, Plaintiffs cannot maintain claims under 11 U.S.C. §§ 362 and 1301, the FDCPA, or the Rosenthal Act. Accordingly, they cannot maintain a UCL claim based on these claims. See Klein, 202 Cal. App. 4th at 1383. Plaintiffs also argue that Defendants "falsely reported [on] July 10, 2018 that $96,740.00 was past due and that the current balance owed was $763,986.00 by [Plaintiffs]" in violation of Cal. Civ. 1785.25(a). (Doc. No. 43 ¶ 195.) Cal. Civ. 1785.25(a) provides, "a person shall not finish information on a specific transaction or experience to any consumer reporting agency if the person knows or should know the information is incomplete or inaccurate." Plaintiffs argue that, because the foreclosure sale occurred in June, the credit reports were false. However, given Defendants had rescinded the foreclosure sale and returned the funds to the third-party purchaser, and that Plaintiffs and the third-party purchaser continued to litigate the validity of the sale, Plaintiffs have not alleged facts that, if true, demonstrate that Defendants knew or should have known that the information reported was false.

Plaintiffs also generally allege that Defendants conduct was unfair within the meaning of the UCL. (See Doc. No. 43 ¶¶ 203-206.) In their opposition, Plaintiffs argue

that Defendants "lulled [Plaintiffs] into believing that the foreclosure would not take place" and one subsequently was held. (Doc. No. 50 at 42–43.) Given that Plaintiffs allege that they filed for bankruptcy protection for the sixth time within three years on June 15, 2018, three days before the scheduled foreclosure date, and given that Defendants had rescinded the foreclosure sale and returned the funds to the third-party purchaser two days after the sale, the Court finds that Plaintiffs have not alleged facts that "offend[] an established public policy" or are "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." McDonald v. Coldwell Banker, 543 F.3d 498, 506 (9th Cir. 2008) (citations omitted). Accordingly, Plaintiffs claim that Defendants violated the UCL is dismissed.

### F. Motion to Strike

On May 21, 2019, Defendants filed a motion to strike portions of Plaintiffs' third complaint. (Doc. No. 46.) Given that the Court dismisses the complaint in its entirety, the Court denies as moot Defendants' motion to strike.

On June 28, 2019, Plaintiffs filed an objection to Defendants' reply and requested that the Court strike matters raised by Defendants. (Doc. No. 55.) Exercising the Court's discretion, the Court denies Plaintiffs' motion to strike.

### Conclusion

For the foregoing reasons, the Court grants Defendants' motion to dismiss. Given that Plaintiffs have had three opportunities to amend their complaint, and given that the Court does not believe that Plaintiffs can cure the deficiencies detailed in this order, the Court does not grant leave to amend. See Telesaurus, 623 F.3d at 1003. Finally, the Court denies the motions to strike.

**IT IS SO ORDERED.**

DATED: July 17, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT